TRAXLER, Chief Judge,
concurring:
I concur fully in parts I, II, III.A, and IV of Judge King’s well-written opinion, and I concur in part III.B as to the result. I write separately only to note that in section III.B., where my colleagues defer to the agency’s interpretation of the “continuously resided” requirement set forth in 8 U.S.C. § 1254a(e)(l)(A)(ii), I would reach *238 the same result simply by concluding that Congress spoke unambiguously as to this particular requirement for temporary protected status. See General Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 600, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004) (“Preference to [the agency’s] statutory interpretation is called for only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent.”). “[A] statute’s silence on a given issue does not confer gap-filling power on an agency unless the question is in fact a gap-an ambiguity tied up with the provisions of the statute.” LinZheng v. Attorney Gen., 557 F.3d 147, 156 (3d Cir.2009) (en banc) (internal quotation marks omitted). Because I find no ambiguity to be explained or gap to be filled in § 1254a(e)(1)(A)(ii), I would not resort to the Board’s interpretation. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (“If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.”).